**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**IN ADMIRALTY**

IN THE MATTER OF:                              CASE NO. 3:08-cv-612-J-HTS

IN RE: CHAD ATKINSON, as owner of
a 1997 Twenty-foot Correct Craft,
HIN No. CTC742630797, Florida
Registration No. FL 7351 JD, in a
cause of action for exoneration
from or limitation of liability,

     Petitioner.
_____

**O R D E R**

This cause is before the Court upon Limitation Petitioner's Motion to Strike Claimants' Demand for Jury Trial (Doc. #15; Motion), filed on August 6, 2008.[1] No opposition has been filed pursuant to Rule 3.01(b), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)), and the time for doing so has passed.

In the Motion, Petitioner, Chad Atkinson, argues "[i]t is a matter of well settled black-letter law that there is no right to a jury trial in an admiralty case[,]" Motion at 1, and "requests that the Court strike [Sarah Andrews's and A.A.'s] demand for jury trial." *Id*. at 2. The demand at issue is contained in Claimant's

---

[1] Petitioner is reminded to comply in the future with the requirements of Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida. Failure to do so may result in the noncompliant documents being stricken.

Answer, Affirmative Defenses and Counterclaim (Doc. #12; Answer), filed on August 4, 2008. Answer at 7.

Petitioner is correct in asserting there is no right to a jury trial in an admiralty case. *See Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996) ("In limitation proceedings, as in all admiralty cases, there is no right to a jury trial."); *see also* Rule 38(e), Federal Rules of Civil Procedure (Rule(s)) ("These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)."). This rule remains in effect where a counterclaiming party demands a jury trial and the counterclaim arises out of the same operative facts. *See Great Lakes Reinsurance (UK) PLC v. Masters*, No. 8:07-cv-1662-T-24-MSS, 2008 WL 619342, at *2 (M.D. Fla. Mar. 3, 2008) (finding "when a plaintiff elects to pursue a non-jury admiralty action pursuant to Rule 9(h), a counterclaiming defendant is not entitled to a jury trial . . . if the counterclaim arises out of the same operative facts . . . ."). In the present case, the claims contained in the Answer and the Verified Complaint for Exoneration from or Limitation of Liability (Doc. #1;

Complaint) all arise from a collision that occurred on May 10, 2008, on the St. Mary's River.  *See* Answer at 5; Complaint at 2.

Accordingly, the Motion (Doc. #15) is **GRANTED** and the demand for jury trial in the Answer (Doc. #12) is hereby **STRICKEN**. Additionally, the Clerk of the Court is directed to replace, by interlineation, all occurrences of the minor child's name in the file and docket of this case with the initials A.A.  Finally, the Clerk shall redact the street addresses and dates of birth (leaving only the years) contained in the attachments to Petitioner's Motion to Close Period for Filing of Claims and Default All Non-Appearing Potential Claimants (Doc. #20).  Counsel must be sure to comply from this point forward with the Administrative Procedures for Electronic Filing in Civil and Criminal Cases.  *See also* Local Rule 1.01(a).

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of August, 2008.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
     and pro se parties, if any